JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSTION TRUST et al.

## DEFENDANTS
JUERGEN KRUEGER, INC., a California corporation; SURETY COMPANY OF THE PACIFIC, a California corporation.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Contra Costa County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kent Khtikian; Kimberly A. Hancock
Katzenbach and Khtikian
1714 Stockton St., Suite 300
San Francisco, CA 94133    Telephone No.: (415) 834-1778

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sections 185, 1132 and 1145

Brief description of cause:
Action to collect unpaid fringe benefit contributions and wages pursuant to collective bargaining agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 45,627.61    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
January 24, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Kimberly A Hancock* (signature)

Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

FILED
JAN 2 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PJH

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>JUERGEN KRUEGER, INC., a California corporation; SURETY COMPANY OF THE PACIFIC, a California corporation;<br><br>Defendants. | CASE NO.<br>CV 08 0671<br><br>COMPLAINT FOR BREACH OF BARGAINING AGREEMENT; RECOVERY OF DELINQUENT WAGE & FRINGE BENEFIT CONTRIBUTIONS; CONTRACTOR'S LICENSE BOND |

Plaintiffs, and each of them, complain against the above-named defendants and allege as follows:

I
**FIRST CLAIM FOR RELIEF**
**(Delinquent Contributions)**
**(29 U.S.C. Section 1145)**
(As to Juergen Krueger Inc.)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan,

1  its respective trust agreement and a collective bargaining
2  agreement.  Jurisdiction of this action is conferred on this
3  Court by the provisions of the Employee Retirement Income
4  Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e),
5  and (f) and 1145.  Jurisdiction of this action is also conferred
6  on this Court by the provisions of 28 U.S.C. Section 1331(a).
7      2. This District is the appropriate venue for this action,
8  pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are
9  administered in this District and the breach took place in this
10 District.
11     3. Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
12 CRAFTWORKERS, AFL-CIO, LOCAL NO. 3, an affiliate of the
13 International Union Of Bricklayers And Allied Craftsmen, AFL-CIO,
14 hereinafter the "Union", is and at all times material herein was
15 a labor organization and the collective bargaining representative
16 for persons who are engaged, by defendants as masons in the
17 construction industry in Northern California.  As such the Union
18 is a employee organization representing employees in an industry
19 affecting commerce, within the meaning of Section 301 of the
20 LMRA, the definitions contained in Sections 2(5), and 501(1) and
21 (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29
22 U.S.C. Sections 1002(4) and 1003.  The Union maintains its
23 principal office for such purpose in Oakland, California.
24     4. The Union brings this action on behalf of itself and as
25 agent for its members, all of whom were employed by Juergen
26 Krueger, Inc., to perform work under the collective bargaining
27 agreement described in paragraphs 8, 9, 10 and 18 through 22 of
28 this complaint.

1  5. Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3
2  PENSION TRUST (hereinafter "Pension Fund"), TRUSTEES OF THE
3  BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST (hereinafter
4  "Welfare Fund"), TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS
5  LOCAL NO. 3 APPRENTICE TRAINING TRUST (hereinafter "Apprentice
6  Fund") and TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND
7  ALLIED CRAFTSMEN PENSION FUND (hereinafter "International Pension
8  Fund"), are trustees and fiduciaries of multiemployer employee
9  benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and
10 (37) and 1132(d)(1).  The Pension Fund, Welfare Fund and
11 Apprentice Fund each has its office in San Francisco, California.
12     6. The Union brings this action on behalf of itself and as
13 agent for its members hereinafter referred to as "Mason
14 Employees".  The Mason Employees were employed by defendant
15 Juergen Krueger Inc. to perform work under the collective
16 bargaining agreement described in paragraphs 8, 9, 10 and 18
17 through 22 of this complaint.
18     7. Defendant JUERGEN KRUEGER INC, (hereinafter "Krueger")
19 is, and at all times material herein was, a corporation with its
20 principal office and place of business in Clayton, California.
21 At all times material herein, Krueger has engaged in the
22 construction industry in California and as such has been an
23 employer engaged in an industry or activity affecting commerce
24 within the meaning of 29 U.S.C. Sections 1002(5) and 1003,
25 Section 301 of the LMRA, and of the definitions contained in
26 Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections
27 152(2), 142(1) & (3)).  Krueger is a licensed masonry contractor.
28     8. At all times material herein, the Union has been party to

1 a written collective bargaining agreement with Krueger which
2 agreement requires that Krueger pay various wages and fringe
3 benefits to its employees.  Pursuant to the terms of the
4 collective bargaining agreement, Krueger agreed to be bound by
5 the terms and conditions of each of the trust agreements under
6 and in accordance with which each of the Funds was established
7 and is maintained.
8     9. The collective bargaining agreement and the trust
9 agreements all require Krueger to report in writing each month to
10 the administrator of the Funds the total number of hours worked
11 by any person employed by Krueger to perform work within the
12 jurisdiction of the collective bargaining agreement (hereinafter
13 referred to as the "remittance reports").  The collective
14 bargaining agreement and the trust agreements all require Krueger
15 to submit those monthly remittance reports together with the
16 payments indicated by those reports to the administrator of the
17 Trusts by the 15th day of the calendar month first following the
18 calendar month in which the hours were worked.
19    10. The collective bargaining agreement and the trust
20 agreements all require Krueger to submit to the Union and the
21 Trusts all records necessary for the Union and Trusts to audit
22 the accuracy of Krueger's reports to the Trusts.  The collective
23 bargaining agreement and trusts agreements all further require
24 Krueger to pay the cost of any audit performed of Krueger's
25 employment records which shows a failure by Krueger to report
26 hours worked by Krueger's employees within the jurisdiction of
27 the collective bargaining agreements.
28    11. Plaintiffs have audited Krueger's records for the period

1 | from January 1, 2005 through June 30, 2007 (hereinafter the
2 | "2005-2007 Audit"). The 2005-2007 Audit has disclosed that
3 | Krueger has failed to report and pay at least $26,461.29 in
4 | fringe benefits and wages. The Plaintiffs have incurred
5 | auditor's fees of $750.00.

6 |    12. Demand has been made for payment on the 2005-2007 Audit,
7 | but Krueger has refused and continues to refuse to pay the full
8 | amount due as shown on the audit.

9 |    13. Pursuant to the Trust Agreements, the collective
10 | bargaining agreement and by statute (ERISA section 502(g)(2)(B)),
11 | if payments are not made, Krueger is required to pay liquidated
12 | damages on the principal amount due equal to one hundred dollars
13 | ($100.00) or ten percent (10%) of the unpaid monthly
14 | contributions whichever is greater. If the delinquency persists
15 | over thirty (30) days, the charge will be twenty percent (20%) of
16 | the unpaid monthly contributions. This liquidated damage amount
17 | is owed on all hourly fringe benefits accrued to the present, in
18 | an amount of at least $5,292.26. In addition, under the terms of
19 | ERISA (section 502(g)(2)), the trust agreements and Article VII
20 | of the Collective Bargaining Agreement, plaintiffs are entitled
21 | to attorney's fees, auditor's fees, interest and collection costs
22 | on any delinquency described in this complaint.

23 |    14. Plaintiffs are entitled to unpaid fringe benefits due
24 | the Pension Fund, the International Pension Fund, the Welfare
25 | Fund and the Apprentice Fund for hours worked during the 2005-
26 | 2007 Audit period in the amount of $26,461.29 plus interest
27 | thereon from February 15, 2005, plus the greater of liquidated
28 | damages in excess of $5,292.26 or interest, plus penalties,

1 | pursuant to 29 U.S.C. Section 1132(g)(2), Labor Code Sections
2 | 201, 203, 218.5 and 218.6, all according to proof.

**II**
**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**
**(29 U.S.C. Section 185)**
(As to R.E. Krueger Inc.)

15. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 14, inclusive, of this complaint as though fully set forth at this point.

16. This is an action to enforce a collective bargaining agreement pursuant to 29 U.S.C. Section 185. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

17. The Union and the persons on whose behalf the Union brings this action have duly performed all conditions of the agreement on their part to be performed.

18. Article II, Section 2 of the collective bargaining agreement provides that employers must pay wages at the rates established by the collective bargaining agreement.

19. Article VII, Section C of the collective bargaining agreement states:

> "Each monthly contribution to the Trusts shall be made promptly and is due on or before the fifteenth (15th) day of the calendar month following the month such hours are worked. If not paid in full by the fifteenth (15th) day of the month shall be delinquent and subject to liquidated damages."

20. Article VII, Section C of the collective bargaining agreement further provides that should Krueger fail to submit reports or make the required payments by the agreed date, Krueger shall be liable for liquidated damages. In relevant part, the

collective bargaining agreement states:

> "The employer and the Union recognize and acknowledge that the regular and prompt payment of employer contributions and the furnishing of report forms is essential to the maintenance of the Trusts, and it would be extremely difficult, if not impractical, to fix the actual expense and damage to the Trusts which would result from failure of any employer to such monthly contributions and furnish contribution forms within the time provided. Therefore, the amount of damages to the Trusts resulting from any such failure shall be presumed to be the sum of one hundred dollars ($100.00) or ten percent (10%) of all contributions due, whichever is greater. If the delinquency persists for over thirty (30) days, the charge will be twenty percent (20%) of the amount due. Such amount shall become due and payable to the Trusts by the delinquent employer as liquidated damages and not as a penalty and payable at the place where the contribution is payable upon the day immediately following the date on which the contribution became delinquent."

21. Article VII, Sections B and C of the collective bargaining agreement states that in the event it is necessary for the Union or the Trusts to file an action to recover contributions or liquidated damages, the Union and the Trusts are entitled to recover, in addition to the above-described liquidated damages, interest at the rate of 10% per year, all costs of suit and reasonable attorney's fees incurred in enforcing this obligation. The plaintiffs have incurred attorney's fees and costs in an attempt to recover the delinquent wage and fringe benefit payments.

22. Article VII, Section E of the collective bargaining agreement provides that Krueger shall pay the cost of any audit of the records of Krueger which shows that Krueger has failed to pay the required fringe benefits.

23. In addition to the unpaid fringe benefits in the amount of $26,461.29 described in paragraph 11 herein, the 2005-2007 Audit also disclosed that Krueger failed to report and pay at

1  least $13,124.06 in wages. Plaintiffs have incurred auditor's
2  fees of $750.00.
3      24. Defendant Krueger breached the collective bargaining
4  agreement by refusing or failing: (i) to pay fringe benefits and
5  wages when due; (ii) to pay fringe benefits in the amount of at
6  least $26,461.29  (iii) to pay liquidated damages in excess of
7  $5,292.26 and interest on late payments of fringe benefits as
8  agreed; (iv) to pay wages in the amount of at least $13,124.06
9  (v) to pay auditor's fees in the amount of $750.00; and (vi) to
10 pay attorney's fees and other collection costs in an amount to be
11 determined, all to the detriment of Plaintiffs.
12     25. As a consequence of the above-described breach,
13 Plaintiffs are entitled to damages in an amount equal to the
14 wages and fringe benefit payments required by the agreement in a
15 total amount of at least $39,585.35, interest thereon from the
16 original date of each late payment at the rate of 10% per year,
17 liquidated damages in excess of $5,292.26, auditor's fees in the
18 amount of $750.00, penalties, attorney's fees and costs in an
19 amount to be determined, pursuant to the collective bargaining
20 agreement, the trust agreements incorporated therein to which
21 Krueger has agreed to be bound, California Civil Code section
22 3287, and California Labor Code sections 201, 203, 218.5 and
23 218.6.

### III
### THIRD CLAIM FOR RELIEF
### Action on Contractor's License Bond
### (California Business & Professions Code §§ 7071.11 et. seq.)
### (As to Surety Company of the Pacific)

27     26. Plaintiffs reallege and incorporate herein by reference
28 each and every allegation set forth in paragraphs 1 through 25

1  inclusive, of this complaint as though fully set forth at this
2  point.
3      27. This is an action pursuant to California Business and
4  Professions Code section 7071.11 to recover unpaid wages from
5  sureties on contractors' bonds.
6      28. Defendant, SURETY COMPANY OF THE PACIFIC, (hereinafter
7  "Surety Company") is a California corporation. Surety Company is
8  engaged in the insurance and surety business and issues
9  contractor's license bonds in California.
10     29. Pursuant to California Business and Professions Code
11 section 7071.6, Krueger obtained a contractor's bond underwritten
12 by Surety Company. The bond underwritten by Surety Company was
13 designated as bond number 1012941 and in effect from August 24,
14 1992 to the present (hereinafter referred to as the "Surety
15 Company Bond").
16     30. The Surety Company Bond indemnifies persons employed by
17 Krueger for the failure by Krueger to pay wages due for work
18 performed during the effective period of the bonds.
19     31. During the period from January 1, 2005 to June 30, 2007
20 Krueger failed to pay its employees full wages and fringe
21 benefits as required by the collective bargaining agreement.
22 Krueger did not pay wages and fringe benefits in the total amount
23 of at least $39,585.35, according to proof, for work performed
24 during that period. Said sum is due from defendant Surety
25 Company.
26     32. Demand has been made for payment, but Krueger has
27 refused and continues to refuse to pay the full sums owed.
28

| | |
|---|---|
|1| **PRAYER** |
|2| WHEREFORE, Plaintiffs pray for judgment as follows: |
|3| **I. On the First Claim for Relief:** |
|4| For judgment against defendant Juergen Krueger Inc.: |
|5| (a) in the principal amount in excess of $26,461.29, plus |
|6| interest thereon at the legal rate from the original due dates |
|7| commencing February 15, 2005 until paid; |
|8| (b) plus plaintiffs' attorney's fees and costs; |
|9| (c) plus the greater of liquidated damages of at least |
|10| $5,292.26, calculated at 20% of the principal amount or interest; |
|11| (d) plus interest at the rate of 10% per year commencing |
|12| February 15, 2005; |
|13| (e) plus auditor's fees in the amount of $750.00; |
|14| all according to proof, pursuant to the agreement between |
|15| plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor |
|16| Code Section 218.5, Civil Code Section 3287 and any other statute |
|17| so providing. |
|18| **II. On the Second Claim for Relief:** |
|19| For judgment against defendant Juergen Krueger Inc.: |
|20| (a) in the principal amount of at least $39,585.35, plus |
|21| interest thereon at the legal rate from the original due dates |
|22| commencing February 15, 2005 until paid; |
|23| (b) plus plaintiffs' attorney's fees and costs in an amount |
|24| to be determined; |
|25| (c) plus the greater of liquidated damages of at least |
|26| $5,292.26, calculated at 20% of the principal amount of unpaid |
|27| fringe benefit contributions ($26,461.29) or interest; |
|28| (d) plus interest at the rate of 10% per year commencing |

```
 1  February 15, 2005;
 2       (f) plus plaintiffs' auditor's fees in the amount of at
 3  least $750.00;
 4       all according to proof, pursuant to the agreement between
 5  plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor
 6  Code Section 218.5, Civil Code Section 3287 and any other statute
 7  so providing; and,
 8       For penalties against defendant Juergen Krueger Inc.,
 9  pursuant to California Labor Code Section 203.
10  III. On the Third Claim for Relief:
11  For judgment against defendant Surety Company of the Pacific:
12       (a) for unpaid wages in the amount of at least $39,585.35;
13       (b) for plaintiffs' attorney's fees and costs, interest and
14  penalties; and
15       (c) for interest at the rate of 10% per year commencing
16  February 15, 2005, pursuant to California Civil Code section
17  3287, California Labor Code section 218.5 and any other statute
18  so providing, all according to proof.
19  IV. On Each and Every Claim for Relief:
20       For such relief as the Court deems proper.
21  Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).
22
23  Dated: January 24, 2008         _____
                                     KIMBERLY A. HANCOCK
24                                   Attorney for Plaintiffs
25
26
27
28
```

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611015864
Cashier ID: sprinka
Transaction Date: 01/28/2008
Payer Name: W. KENT KHTIKIAN LAW OFFICE
------------------------------------
CIVIL FILING FEE
 For: TRUSTEES OF THE BRICKLAYERS
 Case/Party: D-CAN-3-08-CV-000671-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1991
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:       $0.00

PJH

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```